At the time of the termination of the employment Refuge could have protected himself, as we have shown, by converting his insurance, without examination, into a personal policy, but he did not do so.

To hold that such conduct on the part of any employer, as we have outlined, can work an estoppel would be to say to any employer similarly situated that whenever an employee becomes disabled he may not be retained nominally on the pay roll, but must be discharged fully and completely and that all rights of seniority and all insurance privileges must be at once terminated. We cannot so hold.

█ Nor are plaintiffs entitled to receive any disability benefits which, in certain cases, are available to those insured under policies like that involved here. Under the terms of the policy such disability benefits are due only where the disability comes into existence prior to the sixtieth birthday of the insured and here, it is shown, that until he was more than sixty-one years of age Refuge was suffering from no disability.

It is ordered, adjudged, and decreed that the judgment in favor of Metropolitan Life Insurance Company, Inc., and against the plaintiffs, Mary Peyton and Albertha Moore, be and it is affirmed at the cost of plaintiffs.

Affirmed.

Company. After the dismissal of the suit as to the railroad company, the matter proceeded to trial and evidence was taken in the claim of plaintiffs against Metropolitan Life Insurance Company et al.

Judgment was rendered in that matter in favor of defendant insurance company, and plaintiffs appealed.

They had previously appealed from the judgment dismissing on exception of no cause of action their suit against the railroad company and in this court the two cases were consolidated for the purpose of argument.

In the decision rendered by us today in the suit against the life insurance company we discussed the entire matter with reference to both defendants and, therefore, now only make reference to the other opinion.

For the reasons given, therefore, in Mary Peyton and Albertha Moore v. Metropolitan Life Insurance Co. et al., 148 So. 721, decided by us today, the judgment in favor of Morgan's Louisiana & Texas Railroad & Steamship Company, is affirmed.

Affirmed.

**DUNNINGTON v. SABLE.** *
No. 14314.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

Mary **PEYTON** and **Albertha Moore, Plaintiffs and Appellants, v. MORGAN'S LOUISIANA & TEXAS R. R. & S. S. CO. et al., Defendants and Appellees.**
No. 14504.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

Charles J. Mundy, of New Orleans, for appellants.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee Insurance Co.

Denegre, Leovy & Chaffe and Lloyd A. Ray, all of New Orleans, for appellee Railroad Co.

JANVIER, Judge.

This matter comes before us on appeal from a judgment dismissing on exception of no cause of action the suit of plaintiffs against the Morgan's Louisiana & Texas Railroad & Steamship Company. When the suit was filed below, there were two defendants, the other being Metropolitan Life Insurance

